DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Wood County Court of Common Pleas, Domestic Relations Division. Because we conclude that the order appealed from is not final and appealable, we dismiss the appeal.
Appellee, Cynthia G. Crandall, sought to modify a prior child support order, granted against appellant, Dale R. Crandall, in a 1996 divorce decree. Appellant then moved for compensation for items which appellee failed to return to him as ordered by the court in 1997. On August 31, 1999, a magistrate decided the matters by granting appellee's motion to increase child support and granting appellant $12,555.60 for certain unreturned items. The magistrate then ordered that further hearings were to be held to determine the value of any remaining items (which once established would be compared to the total arreared child support) as well as to determine "which parent shall be the primary residential parent and legal custodian" of the parties' minor child.
On October 21, 1999, the trial court issued an entry entitled "ORDER ON OBJECTIONS TO THE MAGISTRATE'S DECISION." That order stated:
 "Having fully considered all appropriate pleadings, proceedings, objections to the Magistrate's Decision prepared after a hearing on the merits and that no transcript of the proceedings has been filed pursuant to Local Rule 6.15, the Court hereby adopts the Magistrate's Decision filed on August 31, 1999."
Appellant now appeals from that decision. However, appellee argues that the decision appealed from is not a final appealable order. We agree.
In this case, the August 31, 1999 magistrate's decision contemplated additional proceedings to determine the value of certain property that had not yet been returned to appellant. The total value of all the personal property in question would then be compared to the child support arrearage. Also, the magistrate's decision contemplated more proceedings on the issue of who would be the residential parent and legal custodian of the parties' minor child. This could significantly affect any child support order. In our view the magistrate's decision does not meet the requirements set forth in R.C. 2505.02(B) to be a final appealable order. We have no jurisdiction to hear appeals taken from non-final orders. See section 3(B)(2), Article IV, Ohio Constitution.
Therefore, we have no jurisdiction to hear this appeal. All other motions or pleadings filed by the parties are hereby rendered moot.
Accordingly, we sua sponte dismiss this appeal at appellant's costs.
APPEAL DISMISSED.